Scire facias against the defendant, to show cause why he should not be fined $40 for not attending as a witness in the Superior Court of law of Henderson County at Spring Term, 1845, in a suit, David Blythe v. John M.Kinzey, in which he had been subpoenaed, his default having been recorded at that term. It was agreed that the following statement of the defendant should be received as evidence of the facts therein contained, to wit: Mitchell King, in answer to the rule, etc., respectfully showeth that he has no recollection that he was ever regularly served with a subpoena or summons to appear before this court at any former term or to testify in this case; that he remembers he was spoken to by some person or persons on the subject, and he then said, as he now says, that to the best of his knowledge and recollection he did not know anything of the matter in dispute between the plaintiff and the defendant; that since the rule has been served on him he has got a friend to procure for him an inspection of the subpoena alleged to have been served on him, and he observes that it requires him to appear and testify in *Page 66 
this case at the court to be held in this county on the fourth Monday of September, 1843, now two years ago, and that on making inquiry of the officer by whom he understands it is alleged the subpoena was served on him, he has been informed that while he, the said Mitchell King, was sitting in a room in Hendersonville, in conversation with a gentleman, the said officer called him to a window in the room and told him (77) that he was requested to attend as a witness for the defendant, or words to that effect, and the respondent did not then, nor until a copy of this rule was delivered to him, imagine that any legal process was served on him; and this respondent further says that he did attend upon this court during the whole of the term of September, 1843, not because he was aware that he was under any legal process to attend, but because at the time he happened to be in this county. And this respondent further shows that he is, and for many years has been, a citizen of the State of South Carolina, and a domiciliated resident in the city of Charleston in that State, and not a citizen of the State of North Carolina; and he believes and alleges that, at the time the said subpoena is alleged to have been served on him it was well known to the said John M. Kinzey that this respondent was a citizen and resident of Charleston, and that he would return to his home within a short time after the said subpoena is alleged to have been served; and this respondent further says that even had he been aware, as he was not, that a legal subpoena in this case had been served on him, he was so engaged and bound at home in Charleston by his previous professional engagements for some time, as a judge in a court of common law, and afterwards as a member of the bar, that it would not have been in his power, or consistent with these previous obligations on him, to attend at the regular terms of this court; and it was, as this respondent understands and believes, competent for the said John M. Kinzey to have procured, had he thought it important, the evidence of this respondent by a commission for that purpose, or to have had him, while in this county, examined de bene esse, as a person certainly about to leave this State.
The court being of opinion upon this state of facts that there was not a sufficient justification for nonattendance, directed that judgment should be entered for the plaintiff in the scire facias. From this judgment the defendant appealed.
The facts set forth in the defendant's affidavit are admitted by the plaintiff to be true. We then see that he was, at the time the subpoena is alleged to have been executed on him, a citizen of South Carolina, and had his domicile in Charleston, and was but casually and *Page 67 
temporarily in this State, and that at the time he was called out on the subpoena he had returned to his home in Charleston and was attending to his usual business. We think Meredith v. Kent, 1 N.C. 52, is conclusive for the defendant. It decides that where the residence of a witness is in another State there can be no forfeiture for nonattendance, though summoned. We think this decision to be good law, if the witness be out of the State at the time he is called out on his subpoena; but if he be in the State at that time, he is subject to the same rules as the citizens of the State; in such a case he receives the protection of our laws, and it will be his duty to obey the mandates of our process. The plaintiff might have taken the deposition of Mr. King, and it would have been read in evidence for him. We think that the judgment must be reversed, and a judgment rendered for the defendant.
PER CURIAM. Reversed.
Cited: Cantrell v. Pinkney, 30 N.C. 440; Stern v. Herren, 101 N.C. 519.
(79)